IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALISHA SOARES, | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION FILE NO.: |
| | ) |
| v. | )   INDIVIDUAL AND |
| | )   COLLECTIVE ACTION |
| | ) |
| | )   JURY TRIAL DEMAND |
| STEAK N' SHAKE | ) |
| OPERATIONS, INC. | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff Alisha Soares, in her individual capacity, and on behalf of collective similarly-situated female employees, by and through her attorney submits this Complaint against Defendant based on the following allegations:

1.

This cause of action arises under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e *et seq.* (hereinafter "Title VII") and 29 U.S.C. § 206(d) ("Equal Pay Act"), seeking a remedy for sex discrimination, retaliation, and less pay for equal work on the basis of Plaintiff's sex occurring at Plaintiff's employment with the Defendant Steak N' Shake Operations, Inc., hereinafter

-2-

(Steak N' Shake). Steak N' Shake has over 400 Company-owned restaurants in operation and currently employs approximately 23,000 individuals nationwide. Jurisdiction is conferred pursuant to 42 U.S.C. § 2000e-5, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1367.

2.

Plaintiff is a resident of the State of Georgia and of the Northern District of Georgia.

3.

Defendant Steak N' Shake is a foreign corporation doing business in the Northern District of Georgia and may be served upon its registered agent for service of process, Corporation Service Company, at 40 Technology Parkway, Suite 300, Norcross, Georgia 30092.

4.

Jurisdiction and venue are proper with this court.

**Facts**

5.

Defendant hired Plaintiff as a server/trainer on or about February 9, 2013.

6.

Plaintiff noticed that she was being paid less for doing the same job as her male co-workers.

7.

Plaintiff complained to the District Manager on or about October 15, 2014 regarding her pay.

8.

Plaintiff's hours were immediately cut from 40 hours to 27 hours after she complained.

9.

The Plaintiff had to clock in at $2.13 per hour plus tips as a server/trainer.

10.

The male worker was clocking in at $7.25 plus tips and was doing the same job as the Plaintiff.

11.

Plaintiff and the other male worker, did the exact same job for the Defendant but the Defendant discriminatorily paid the male worker more than the Plaintiff.

12.

Plaintiff spoke out against the discriminatory treatment and pay disparity, but was retaliated against and her hours were cut.

13.

The Plaintiff was transferred to another store in August of 2015 and still is being paid less than her male co-worker.

14.

Despite Plaintiff's ability to excel at her job, Defendant still discriminated against her on the basis of her gender.

15.

Steak N' Shake gives raises and promotions to talented men but routinely denies comparable compensation and promotional opportunities to talented women.

## COUNT I
**(Title VII – Discrimination and Retaliation)**

16.

Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

17.

At all times relevant Defendant is and was an employer as defined in § 701b of Title VII.

18.

Although Plaintiff was equally qualified to her male colleague, Defendant paid Plaintiff less by and because of her sex.

19.

On April 13, 2015, Plaintiff filed a charge of discrimination against Defendant with the U.S. Equal Employment Opportunity Commission and was assigned charge number 410-2015-03275. Attached hereto as Exhibit "A".

20.

All jurisdictional prerequisites to the institution of Plaintiff's sex discrimination and retaliation suit under Section 706 of Title VII have been fulfilled.

21.

All actions complained of above were done because of the Plaintiff's gender or out of retaliation.

22.

At the time of the discriminatory acts alleged, Defendant knew or should have known that the means utilized to discriminate against Plaintiff were discriminatory and forbidden by law.

23.

Defendant performed the above discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally-protected rights.

24.

Defendant discriminated against Plaintiff because of her gender in violation of Title VII.

25.

Plaintiff spoke out against the illegal discrimination, but was retaliated against.

26.

The above described gender discrimination placed stress and humiliation on Plaintiff not endured by her male co-workers.

27.

At the time of the discriminatory acts alleged Defendant knew or should have known that the means utilized to harass and discriminate against Plaintiff were discriminatory and forbidden by law.

28.

Defendant performed the above described discriminatory actions willfully, wantonly, intentionally and in reckless and callous disregard of Plaintiff's federally protected rights.

## COUNT II
### (Collective Action Allegations/Equal Pay Act & Retaliation)

29.

Plaintiff respectfully re-incorporates the allegations contained in the above paragraphs.

30.

Defendant has engaged in systemic gender discrimination against its female employees.  Defendant has caused, contributed to, and perpetuated gender-based pay disparities through common policies, practices and procedures.

31.

Defendant is Plaintiff's "employer" as defined under the Act, 29 U.S.C. § 3(d).  Defendant is subject to this private action pursuant to 29 U.S.C. § 216(b).

32.

Plaintiff brings this collective action and seeks to represent all females described in the within complaint who were paid less than male employees for doing similar work.

33.

Defendant's violations of the Equal Pay Act were knowing, willful and intentional. At the time of the actions complained of in this complaint, Defendant knew or should have known that their actions constituted violations of the Equal Pay Act.

34.

At all times hereinafter mentioned, the Defendant has employed and it is employing a substantial number of employees in and about its said establishment, to supply food to the general public that is being transported, shipped, delivered and sold in commerce, and transported, shipped, delivered and sold with knowledge of that shipment, delivery and sale thereof in commerce was intended from Defendant's said establishment. By reason of their activities, as aforesaid, the Defendant and its said employees, including the Plaintiff has been and is engaged in the commerce and in the production of goods for commerce within the meaning of the Act.

35.

Defendant is, and at all times hereinafter mentioned, was engaged in the performance of related activities through unified operation or common control for a common basis business purpose and it is an enterprise within the meaning of

Section 3(r) of the Act. The annual gross volume of sales of such enterprise is, and at all times hereinafter mentioned has been, not less than $500,000.00. Defendant's said establishment has, and at all times hereinafter mentioned has had, many employees engaged in commerce and in the production of goods for commerce, and it is and at all times hereinafter mentioned has been, an establishment of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

36.

Defendant, the employer of Plaintiff herein, subject to the provisions of Section 6 of the Act, has, during the period of February, 2013 and continuing, repeatedly and willfully violated, and willfully violated Section 6(d) of the Act by discriminating between employees on the basis of sex by paying wages to the Plaintiff at a rate less than the rates at which it paid wages to male employees in the same establishment for equal work on jobs the performance of which requires equal skill, effort and responsibility, and which performed under similar working conditions.

**WHEREFORE,** Plaintiff respectfully prays for judgment against Defendant as follows:

(a) Defendant be ordered to pay Plaintiff back pay in an amount to compensate Plaintiff for lost wages;

(b) Defendant be enjoined from discriminating against Plaintiff on the basis of her sex and her discrimination charges or otherwise;

(d) Defendant be ordered to compensate, reimburse and make whole Plaintiff for all the benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to pay, benefits, insurance costs, training, promotions and seniority;

(e) Ordering the Defendant to pay the Plaintiff an amount equal to the difference between the wages actually received and the wages paid to male employees performing equal work within the meaning of Section 6(d) of the Act and interest thereon together with an additional equal amount as liquidated damages;

(f) Plaintiff be awarded compensatory damages;

(g) Plaintiff be awarded punitive damages;

(h) Plaintiff recover reasonable attorney's fees including litigation expenses and costs;

(i) Plaintiff recover interest on the back pay at the legal rate; and

(j) Such other relief as the Court deems proper and just.

## Jury Demand

Plaintiff herein requests trial by jury of all issues in this action.

This 18th day of February, 2016.

                                      **PANKEY & HORLOCK, LLC**

                                      By: /s/ Larry A. Pankey
                                              Larry A. Pankey
                                              Georgia Bar No. 560725
                                              **Attorney for Plaintiff**

1441 Dunwoody Village Parkway, Ste. 200
Atlanta, Georgia  30338-4122
770-670-6250
770-670-6249 (fax)

## CERTIFICATION OF FONT SIZE

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff Alisha Soares, hereby certifies that **PLAINTIFF'S COMPLAINT** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

**PANKEY & HORLOCK, LLC**

By: /s/ Larry A. Pankey
Larry A. Pankey
Georgia Bar No. 560725
**Attorneys for Plaintiff**

1441 Dunwoody Village Parkway, Suite 200
Atlanta, Georgia 30338-4122
770-670-6250
770-670-6249 (fax)
lpankey@pankeyhorlock.com